UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TIMOTHY TRACY,

      Plaintiff,

v.        Case No.:  2:20-cv-278-FtM-38NPM

METROPOLITAN GROUP
PROPERTY AND CASUALTY
INSURANCE COMPANY,

      Defendant.
_____/

### **ORDER**[1]

Before the Court is Defendant Metropolitan Group Property and Casualty Insurance Company's Notice of Removal. (Doc. 1). This breach of contract suit stems from damage that Hurricane Irma caused to Plaintiff Timothy Tracy's home. Plaintiff sued Defendant in state court alleging that Defendant has refused to pay for his home's damage. Defendant then removed the case to this Court based on diversity jurisdiction.

Removal permits a defendant to move a case from state court to a federal district court when the federal court has original subject matter jurisdiction over the suit. 28 U.S.C. § 1441(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). "Because removal jurisdiction raises significant federalism concerns, federals courts are directed to construe removal statutes strictly" and resolve "all doubts about jurisdiction . . . in favor of

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citations omitted). Diversity jurisdiction question is one type of original jurisdiction. And a federal court has diversity jurisdiction if the amount in controversy exceeds $75,000 and the parties are citizens of different states. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

Here, Defendant has not shown a diversity of citizenship between the parties. All Defendant says is "Plaintiff was and is [a] Florida resident at all times material to the action. (Doc. 1 at 2). But individuals are citizens where they are domiciled, not necessarily where they are residents. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Because there are no allegations to support Plaintiff's domicile, Defendant has not adequately pleaded diversity of citizenship. This Court thus lacks subject matter jurisdiction over this case.

Accordingly, it is now

**ORDERED:**

Defendant Metropolitan Group Property and Casualty Insurance Company must **SUPPLEMENT** the Notice of Removal on or before **May 1, 2020,** to show cause why this case should not be remanded for lack of subject matter jurisdiction. **Failure to comply with this Order will cause this case being remanded without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of April 2020.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

2